Opinion filed April 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 24,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00153-CV 

                                                    __________

 

                                 EDMOND DAVIS ET AL, Appellants

 

                                                             V.

 

                                        ONORAY 
DAVIS, Appellee

 



 

                                         On
Appeal from the 258th District Court

 

                                                            Polk
County, Texas

 

                                                   Trial
Court Cause No. 19,966               

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This
suit involves the title to the surface estate of 17.6 acres of land in Polk
County and the rights of various family members who claim ownership in that
land.  Edmond Davis, Eddie Mae Barkley Moore, Mary Gill Sibley, Raymond Eugene
Gill, and Jonella Barkley (appellants) brought suit against Onoray Davis
seeking a declaratory judgment regarding the rights of the parties and the
percentage owned by each.  Appellants sought to have a deed declared void,
requested the removal of a cloud on the title, sought damages for conversion
and constructive fraud, sought punitive damages and attorney=s fees, and sought a
partition or sale of the land.  The jury answered the questions submitted in
favor of Onoray.  Accordingly, the trial court rendered judgment ordering that
appellants take nothing on their claims, awarding Onoray title to 13.584 acres
of the 17.6-acre tract, and setting aside the remainder of the tract to
appellants.  We affirm.

Appellants
present eleven issues for appellate review.  In the first issue, appellants
question whether the trial court erred in entering judgment against them.  In
the second, third, fourth, fifth, and sixth issues, appellants question the
validity of a deed to Onoray and his mother and the jury=s determinations regarding the 1.2396 acres
covered by that deed.  In the seventh, eighth, and ninth issues, appellants
question whether the evidence is legally sufficient to show that Onoray
adversely possessed the 12.3444 acres and whether Onoray overcame the
presumption against adverse possession where cotenants are involved.  In the
final two issues, appellants ask whether the trial court erred in refusing to
partition and to declare the ownership rights regarding the remaining 4.016
acres.  

The
1.2396 acres involved in the second through the sixth issues is a tract of land
within the 17.6-acre tract that was deeded to Onoray=s grandparents in 1970, then to Onoray and his
mother in 1974, and ultimately to Onoray.  Appellants contend in their second
and third issues that the deed from Onoray=s
grandparents to Onoray and his mother is void because it failed to provide a
legally adequate description of the land conveyed.  The deed purported to
convey a rectangular lot out of the 17.6-acre tract.  The lot described was 540
foot long by 100 foot wide.

Appellants= contentions involve the
beginning point of the lot.  In the deed to Onoray and his mother, which
tracked the language of the deed to Onoray=s
grandparents, the beginning point was stated as follows:

BEGINNING
from the West line of said 17-6/10 acres, being the West corner of said 17-6/10
acres on the South Boundary line of the Scates Survey and the North boundary
line of the Harper Survey, thence east with the said league boundary line to
iron stake for the BEGINNING CORNER OF THIS SAID TRACT.








 

Appellants
assert in their second and third issues that the deed is void because it failed
to indicate the distance from the corner of the 17.6-acre tract[1]
along the boundary line to the iron stake constituting the beginning point of
the lot.  Testimony at trial indicated that, as of 2002, the iron stake could
not be located.  Both a surveyor and a title examiner testified that they could
not locate the beginning point of the lot because of the missing call
distance.  The surveyor conceded, however, that the house and improvements
built by Onoray=s
grandparents shortly after the deed to them  would fit within a 1.2396-acre
rectangular lot like that described in the deed to them and the deed from them
to Onoray and his mother.

We
hold that, although the deed is missing a call distance, the deed is not void. 
To be valid, a deed conveying real property must contain a sufficient
description of the property to be conveyed.  AIC Mgmt. v. Crews, No.
05-0270, 2008 WL 204501, at *4 (Tex. Jan. 25, 2008).  A property description is
sufficient if it provides B
either within itself or by reference to some other existing writing B the means or data by which
the particular land to be conveyed may be identified with reasonable
certainty.  Id.  The rule has been stated as follows:  

[A] deed is not void
for uncertainty of description unless on its face the description cannot, by
extrinsic evidence, be made to apply to any definite land.  Where the deed
affords some data susceptible of being connected, by parol testimony, with some
definite land, the description is in law sufficient.  

 

City of Missouri City v. Senior, 583 S.W.2d 444, 454 (Tex. Civ.
App.CHouston [1st
Dist.] 1979, writ ref=d
n.r.e.); Ehlers v. Delhi‑Taylor Oil Corp., 350 S.W.2d 567, 573
(Tex. Civ. App.CSan
Antonio 1961, no writ).  At the time of the deed, the beginning point could
presumably be easily located at the iron stake; there is nothing in the record
to indicate that the iron stake did not exist at the time of the deeds.  Title
to land does not fail merely because old markers have disappeared.  Hart v.
Greis, 155 S.W.2d 997 (Tex. Civ. App.CFort
Worth 1941, writ ref=d
w.o.m.).  Furthermore, from the beginning point at the stake, a definite closed
rectangular lot was described in the deed at issue in this case.  That lot
could reasonably be located based on the circumstances as shown by the evidence
in this case.  Appellants=
second and third issues are overruled.  








In
the next three issues, appellants assert that the jury=s determination regarding the vesting of legal
title in Onoray is immaterial and that the trial court erred in submitting jury
questions asking whether Onoray holds fee simple ownership of the 1.2396 acres
and whether the deed sufficiently described the property as to show its
location.  A deed, to be sufficient, must furnish within itself, or by
reference to some other existing writing, the means or data by which the land
to be conveyed may be identified with reasonable certainty.  AIC, 2008
WL 204501; Morrow v. Shotwell, 477 S.W.2d 538, 539 (Tex. 1972); Smith
v. Sorelle, 87 S.W.2d 703, 705 (Tex. 1935).  As a general rule, the
intention expressed by the language of a deed is controlling and, if
unambiguous, will be construed as a matter of law and enforced as written.  J.
Hiram Moore, Ltd. v. Greer, 172 S.W.3d 609, 613 (Tex. 2005); Montfort v.
Trek Res., Inc., 198 S.W.3d 344, 355 (Tex. App.CEastland 2006, no pet.). 

In
this case, the language of the deed was not ambiguous and could be construed as
a matter of law; however, because of the lack of the call distance to the iron
stake and the missing iron stake, whether the property could be located on the
land was a question of fact for the jury to determine.  The jury determined
that issue in Onoray=s
favor.  Based upon the jury=s
determination that the property was sufficiently described and could be
located, the trial court could have determined as a matter of law that Onoray
holds fee simple title to the 1.2396-acre lot.  The trial court, however,
submitted that issue to the jury, asking whether Onoray holds fee simple
ownership by regular chain of title.  Because the jury correctly answered in
Onoray=s favor, any
error in submitting the question to the jury was harmless under Tex. R. App. P. 44.1.  See XCO Prod.
Co. v. Jamison, 194 S.W.3d 622, 632 (Tex. App.CHouston [14th Dist.] 2006, pet. denied). 
Appellants= fourth,
fifth, and sixth issues are overruled.  

In
the next three issues, appellants attack the award to Onoray of an additional
12.3444 acres  out of the 17.6-acre tract based upon the jury=s finding that Onoray adversely
possessed that property.  In the seventh issue, appellants challenge the legal
sufficiency of the evidence to support the adverse possession finding against
them, his alleged coheirs/cotenants.  In the eighth issue, appellants contend
that Onoray failed to overcome the presumption that his possession of the land
was not in adversity to the cotenancy.  In the ninth issue, appellants contend
that Onoray=s acts
were susceptible of explanation consistent with the existence of common title
in the cotenants.  Appellants=
arguments under all three of these issues are based upon an assumption that
Onoray and appellants owned the property as tenants in common.  








Although
appellants have correctly stated the law with respect to the presumption
against adverse possession where a cotenancy is involved,[2]
appellants= assumption
that Onoray is a cotenant is not supported by the evidence.  There is nothing
in the record to indicate that Onoray owned any part of the surface of the
17.6-acre tract as a cotenant.  None of the evidence introduced at trial
indicates that Onoray or his mother inherited any portion of the 17.6-acre
tract or that he owned any portion of the surface estate other than the
1.2396-acre lot.  Onoray owned the 1.2396-acre lot as a result of a deed
partitioning that lot out of the 17.6-acre tract and granting it to Onoray=s grandparents.  Any
interest that Onoray=s
grandmother retained as a tenant in common in the remaining 16.3604 acres (17.6
acres less the 1.2396 acres that had been carved out) was bequeathed to her
sister and her niece and ultimately to Onoray=s
brother, Edmond.  Thus, Onoray was not a tenant in common, and the presumption
against adverse possession by a cotenant does not apply to this case.  

Appellants
do not argue that the evidence is legally insufficient notwithstanding the
cotenancy presumption.  However, we have reviewed the record and hold that the
evidence is legally sufficient to show that Onoray adversely possessed the
12.3444 acres for a period of more than ten consecutive years prior to this
suit.  See Tex. Civ. Prac. &
Rem. Code Ann. '' 16.021, 16.026 (Vernon 2002).  Pursuant to
the well-recognized standard of review for legal sufficiency challenges, we
must determine whether the evidence at trial would enable reasonable and fair‑minded
people to reach the verdict under review.  City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005).  We must review the evidence in the light most
favorable to the verdict, crediting any favorable evidence if a reasonable
factfinder could and disregarding any contrary evidence unless a reasonable
factfinder could not.  Id. at 821-22, 827.  We may sustain a no-evidence
or legal sufficiency challenge only when (1) the record discloses a complete
absence of a vital fact, (2) the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact, (3) the
only evidence offered to prove a vital fact is no more than a mere scintilla,
or (4) the evidence conclusively establishes the opposite of a vital fact.  Id.
at 810 (citing Robert W. Calvert, ANo
Evidence@ and AInsufficient Evidence@ Points of Error, 38 Texas L. Rev. 361, 362-63 (1960)).  








The
record shows that Onoray fenced the property in 1976, built barns and sheds on
the property, dug a pond, put his cattle on the property, drilled a water well,
charged the cotenants that lived on the property for use of the well,
repaired/remodeled and rented out two houses located on the property, and paid
the property taxes.  Onoray testified that, in 1976, when he began adversely
possessing the property, he told Aeverybody,@ including several of the
elderly cotenants, of his intent to adversely possess the property.  None of
them contested Onoray=s
adverse possession; their descendants filed this suit in 2002, twenty-six years
after Onoray began adversely possessing the property.  Appellants= seventh, eighth, and ninth
issues are overruled.  

In
the tenth issue, appellants contend that the trial court erred in refusing to
declare the ownership of the remaining 4.016 acres (17.6 acres less the 13.584
acres awarded to Onoray).  The judgment below shows that the trial court did
declare the ownership of the remaining 4.016 acres.  The trial court
specifically ordered:

IT
IS THEREFORE THE FURTHER ORDER of this Court that as between the parties to
this cause of action, the remaining portion of said 17.6 acre tract above
described is set aside to Plaintiffs in the same interest that they owned prior
to the filing of this cause of action.

 

With this
language, the trial court rendered judgment that the remaining 4.016 acres
belonged to the plaintiffs.  Consequently, the tenth issue is overruled.  

In
their eleventh issue, appellants contend that the trial court erred in refusing
to partition the 4.016-acre tract.  In their petition, appellants requested
that the 17.6-acre tract Abe
partitioned in the acreage the Court deems appropriate.@  At trial, however, appellants introduced no
evidence as to how the 4.016 acres should be partitioned among them.  After
trial, appellants filed a document entitled AMotion
for JNOV, Request for Partition, and Motion for Judgment@ in which appellants requested that the trial
court Apartition
[Onoray=s] interest
from the remaining 4.016 acres@
and prayed that the trial court Aenter
a partition of [Onoray=s]
interests from [appellants=]
interests.@  The trial
court did effectively partition Onoray=s
interest from appellants=
interests by awarding to Onoray a specific 13.584-acre tract described by the
field notes attached to the trial court=s
judgment and by awarding the remaining 4.016 acres to appellants.  Any further
partition of the 4.016 acres would not have been supported by any evidence. 
Consequently, the trial court did not err in failing to partition the
4.016-acre tract.  Appellants=
eleventh issue is overruled.  

After
reviewing all of appellants=
contentions, we hold that the trial court did not err in entering judgment
against them; we, therefore, also overrule appellants= first issue.  

The
judgment of the trial court is affirmed.

 

April 24, 2008                                                              JIM
R. WRIGHT

Panel consists of:  Wright, C.J.,                                     CHIEF
JUSTICE

McCall, J., and Strange, J.









[1]We note that the location and description of the
17.6-acre tract are not at issue and that the deeds at issue referenced the
recorded deed wherein the 17.6-acre tract was originally conveyed. 





[2]See Todd v. Bruner, 365 S.W.2d 155 (Tex. 1963).