

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00270-CV

PRISCILLA BELTRAN GUTIERREZ, APPELLANT

V.

THE CITY OF LAREDO, ET AL, APPELLEES

On Appeal from the 49th District Court
Webb County, Texas
Trial Court No. 2008-TXA-00706-D1, Honorable Joe Lopez, Presiding

August 3, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This appeal involves a suit for the collection of delinquent taxes on property located in Laredo, Texas.[1] Priscilla Beltran Gutierrez is one of the owners of the property in question.[2] The named taxing authorities all joined in the suit to collect the delinquent taxes and foreclose their respective tax liens. Ultimately, the issue that is determinative of this appeal is whether the property described in the judgment for

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Fourth Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] The other defendants did not appeal the judgment of the trial court.

delinquent taxes, foreclosure of tax lien, and order of sale is adequately described so as to allow the judgment to stand. We find that the property description is inadequate and the resulting judgment is void.

Factual and Procedural Background

In July 2008, the city of Laredo (City) filed an original petition seeking a judgment for delinquent taxes, penalties, interest, attorney's fees and all cost of suit and to foreclose its tax lien. The original petition identified the property subject to the taxes by the following description:

900-90231-032[3]    ABST 283 P. 23 L SANCHEZ 2.00 ACRES,
City of Laredo, Webb County, Texas

That same month, Laredo Community College (LCC) filed its petition in intervention joining the lawsuit claiming delinquent taxes. LCC's petition described the property in the same manner as the City's original petition. Later in July, United Independent School District (United) filed its petition in intervention joining the lawsuit for delinquent taxes. It also described the property the same way.

The City then filed its first amended petition in April of 2009. The amended petition is the same in all respects except that it changed the description of the property at issue. The property was described as:

900-90231-032    ABST 283 POR 23 L SANCHEZ 1.00 ACRE
(HOMESTEAD TRACT), City of Laredo, Webb
County, Texas

---

[3] 900-90231-032 is the parcel number assigned to the property by the appraisal district, and all of the taxing authorities refer to the property by this number.

Thus, the City carved a one-acre tract from the original two-acre tract previously described. United and LCC followed suit; filing amended petitions that altered the description of the property subject to the taxes.

In November 2009, Webb County filed its petition in intervention to collect delinquent taxes. Its petition in intervention used the original two-acre description that the other plaintiffs used in their original pleadings.

In January 2010, the City filed its second amended petition. In this pleading, the City for the first time described the property of the defendant's as follows:

900-90231-032　　ABST 283 POR 23 L SANCHEZ 1.00 ACRE (HOMESTEAD TRACT), City of Laredo, Webb County, Texas

900-90231-270　　ABST 283 POR 23 L SANCHEZ 1.00 ACRE, City of Laredo, Webb County, Texas.

In September 2010, the City filed its third amended petition that described the land subject to the suit by the 900-90231-032 parcel number as applying to the 1.00-acre homestead tract. There was no mention in the third amended petition of the 900-90231-270 tract. There were two more amended petitions filed by the City. Each of those described the property subject to these proceedings by the 900-90231-032 parcel number as applying to the 1.00-acre homestead tract.

The LCC filed a second amended petition in December 2011 using the property description used by the City, that is, the 900-90231-032 parcel number and 1.00-acre homestead tract designation.

Trial commenced on May 19, 2014. After a jury was selected, the various taxing authorities presented their testimony through their respective tax assessor collectors, each of whom testified as to the taxes due on parcel number 900-90231-032. During the questioning of Elizabeth Martinez, the tax assessor for the City, Gutierrez introduced Defendant's exhibit 2 (D-2) an aerial photo of parcel number 900-90231-032. The aerial photo is dated January 27, 2009.[4]

After Gutierrez rested her case, the taxing authorities moved for a directed verdict. The trial court granted the motion and entered a judgment accordingly. The judgment, as of the date of entry, was for a total of $96,722.35. The property described in the judgment was as follows:

900-90231-032     ABST 283 POR 23 L SANCHEZ 1.00 ACRE
                  (HOMESTEAD TRACT), TOGETHER WITH ALL
                  IMPROVEMENTS THEREON, CITY OF LAREDO,
                  WEBB COUNTY, TEXAS

It is from this judgment that Gutierrez appeals. Gutierrez presents three issues for our consideration. We will only address the first issue, through which Gutierrez contends that the judgment does not properly describe the property subject to foreclosure.

Analysis

Initially, we are directed that, to have a valid conveyance of real property, the property description must contain a sufficient description of the property sought to be

---

[4] A copy of the aerial photo is attached to this opinion and will be referred to throughout the opinion. Recognizing that the numbers may be difficult to read, we have emphasized in green the boundaries of the property identified as parcel 900-90231-032. To be clear, the emphasis is ours and is strictly for identification purposes so that the reader may more readily identify the parcel referenced throughout the opinion.

4

conveyed.   A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty.  *AIC v. Crews,* 246 S.W.3d 640, 645 (Tex. 2007).  A judgment for foreclosure of a tax lien which fails to describe a definite tract of land is void.  *Id.* The description of the property contained in a tax judgment must be sufficiently specific to allow a party to locate the specific land being identified.  *Id.* We view judicial proceedings, not with an eye toward defeating them, but rather with a view to ensuring that their legitimate purpose is accomplished, if we can do so.  *See id.*  However, they remain tied to the requirement that the property described must be done so with the specificity to allow an individual to locate the conveyed property with reasonable certainty.  *Id.*

In our case, we have the taxing authorities obtaining a judgment for delinquent taxes and various penalties, interest, attorney's fees, and costs on a particularly described property.  That property is a one-acre tract which, according to the record before us, was part of a larger two-acre tract.  Initially, back taxes were sought on the entire two-acre tract.  Subsequently, the taxing authorities amended their respective pleadings to seek judgment on only the one-acre portion described as the homestead tract.

At all times throughout these proceedings, the property description has used the tax appraisal parcel number 900-90231-032.  Early on in these proceedings, this particular parcel number referred to the two-acre tract.  However, at some undisclosed time preceding January 2010, the tax appraisal district created a new parcel number 900-90231-270, which seems to refer to the other, non-homestead, one-acre portion of

5

the original two-acre tract. A review of the legal descriptions attached to each parcel number reveals that they are identical with the exception that the 032 parcel number contains the words "homestead tract" whereas the 270 parcel does not.

The record reveals that Gutierrez introduced D-2, the aerial photo of certain tracts of land in the City of Laredo. Superimposed on this photo are boundary lines for what appear to be parcel numbers issued by the appraisal district. The photograph is dated January 27, 2009, with the notation that it is "Aerial Othro Photograph June 2007." An inspection of D-2 reveals parcel number 900-90231-032 is portrayed in the photograph. Such examination fails to reveal parcel number 900-90231-270, which leads to only one conclusion: that the photograph was taken before the appraisal district created the new 270 parcel number.

This fact is important because the taxing authorities contend that the exhibit admitted by Gutierrez shows the boundary lines of the property as identified by the parcel number. If the parcel number corresponded to the one-acre homestead tract, the taxing authorities would be correct. The problem is that, when the photograph is viewed, in light of the creation of a second parcel number for the non-homestead tract, we still do not have any evidence before the trial court about where one of the one-acre tracts begins and the other ends. We do, apparently, have sufficient information to locate the two-acre tract on the ground in Laredo, Webb County, Texas; however, we do not have enough information to locate the specific one-acre tract that is the subject of the judgment.

Because the description of the property subject to foreclosure is insufficient to ascertain what is being conveyed with reasonable certainty, we hold that the judgment from which Gutierrez appeals is void. *See AIC,* 246 S.W.3d at 645.

Having sustained Gutierrez's first issue, we do not need to address her second and third issues. *See* TEX. R. APP. P. 47.1.

Conclusion

Having sustained Gutierrez issue regarding the sufficiency of the description of the parcel of land involved in these proceedings, we reverse the trial court's judgment for delinquent taxes and foreclosure of tax lien and remand this matter to the trial court for further proceedings.

Mackey K. Hancock<br>Justice



**WEBB COUNTY APPRAISAL DISTRICT**

3302 Clark Boulevard, Laredo, Tx 78043 Phone: (956)718-4091

*finding ways to better serve the community !!!...*



DEFENDANT'S
EXHIBIT

Z

5-20-14

CG_000489