**Opinion filed May 12, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00158-CV

_____

## MARY HAYNES, Appellant

## V.

## DOH OIL COMPANY; CRAIG A. JOHNSON; CAJ OIL, LLC; ONEMAP MINERAL NO. 4 LLC; OM4 SALECO, LLC; SAXET I MINERALS, LLC; ROYALTY INTERESTS PARTNERSHIP, LP; LARIO PERMIAN, LLC; AND CHRISTY MILTON, Appellees

**On Appeal from the 118th District Court**

**Martin County, Texas**

**Trial Court Cause No. 7459**

### O P I N I O N

This appeal arises out of a dispute over property in Martin County, Texas. Following a foreclosure to satisfy delinquent property taxes, the disputed property was sold by sheriff's deeds in 2008 and 2009. Over a decade later, Mary Haynes (Appellant) sued to try title, alleging that the sheriff's deeds are void for an inadequate property description. In the alternative, she also sued to quiet title,

alleging that, in relevant part, the sheriff's deeds only conveyed *royalty interests* and not her entire mineral estate. DOH Oil Company, Craig A. Johnson, and CAJ Oil, LLC (together, DOH) and Christy Milton (Milton) filed motions for traditional summary judgment, asserting that Appellant's claims were procedurally barred under the Texas Tax Code's statute of limitations. *See* TEX. TAX CODE ANN. § 33.54 (West 2015). DOH and Milton also asserted that the sheriff's deeds, in relevant part, conveyed more than just royalty interests. Milton additionally asserted that Appellant's claims were barred by the Tax Code's requirement that Appellant deposit funds into the trial court's registry, or file an affidavit of inability to do so, before bringing a claim challenging a tax sale. *See id.* § 34.08(a). The trial court granted DOH's and Milton's motions for summary judgment and later signed a final judgment incorporating its previous rulings and rendering judgment that Appellant take nothing on her claims. We affirm.

*Background*

In 1966, J.B. and Jennie Abbot conveyed the following real property to Appellant by warranty deed:

Tract One: All of Section 47, Block 35, Township-1-North, Certificate #2395, T&P RR. Co. Survey in MARTN COUNTY, TEXAS.

Tract Two: All of Blocks Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 in the Northwest One-fourth (NW/4) of Section Nineteen (19), Block 35, Township-1-South, T&P RR. Co. Survey in Martin County, Texas[.]

Some thirty-eight years later, on May 31, 2005, the judge presiding in the 118th District Court in Martin County, Texas, signed a judgment ordering the sale of some disputed amount of Appellant's property to satisfy delinquent property taxes owed to Stanton Independent School District, Martin County Hospital District, and Martin County. Specifically, the judgment foreclosed upon and ordered the sale of "the property hereinafter described and in the amounts indicated, to wit:"

2

Tract 1: A .023438 Royalty Interest . . . . Located in Block 35 T1N, Section 47, Martin County, Texas. . . . .

Tract 2: A .023438 Royalty Interest . . . . Located in Block 35 T1N, Section 47, Martin County, Texas. . . . .

Tract 3: A .025240 Royalty Interest . . . . Located in Block 35, T1S, Section 19, Martin County, Texas. . . . .

Tract 4: Cline NP Block 35 T1S, Section 19, A-115 . . . Martin County, Texas.

By sheriff's deeds, pursuant to the district court's judgment and order of sale, Randy Cozart, the Sheriff of Martin County, sold tracts one, two, and four to DOH (the DOH deed) and sold tract three to Milton and her then husband (the Milton deed).

The Milton deed was recorded on January 23, 2009. About a year later, pursuant to a division of property in their divorce decree, Milton's husband conveyed all of his interest in tract three to Milton. The DOH deed was thereafter corrected and recorded on March 13, 2009. Five days later, DOH conveyed "an undivided ONE-HALF (1/2) of all of the estate, right, title, interest[,] and benefit which [DOH] acquired in and under and by virtue of th[e] . . . [DOH] DEED" to Craig A. Johnson (Johnson). About nine years after that, in 2018, Johnson and DOH purported to lease the property they acquired by virtue of the DOH deed to CAJ Oil, LLC. The leases described the property covered by the lease as:

All the North Half (N/2) of the Northwest Quarter (NW/4) of Section 47, Block 35, Township 1 North, T&P Ry. Company Survey, Abstract 64, Martin County, Texas, containing 80.0 acres, more or less limited to those depths below 9,000 feet below the surface.

On October 15, 2019, more than a decade after the two sheriff's deeds were recorded, Appellant brought suit against DOH[1] and Milton in trespass to try title and

---

[1]Appellant also pleaded, vaguely, that by some unexplained "series of mesne conveyances emanating from the DOH Oil Deed," the following entities also came to acquire an interest in the property described in the DOH Deed: OneMap Mineral No 4 LLC (OneMap), OM4 Saleco LLC (OM4), Saxet I Minerals, LLC, and Royalty Interests Partnership, LP. Appellant named each of these entities as defendants along with DOH and Milton.

suit to quiet title. In her trespass to try title claim, Appellant argued that the sheriff's deeds were void under the statute of frauds because they contained an inadequate property description. As to her suit to quiet title, Appellant argued that DOH and Milton created a cloud on her title "by executing . . . [l]eases (a right associated with a mineral interest, not a royalty interest) when the . . . [DOH and Milton deeds] recite only royalty interests."

DOH and Milton each filed separate motions for traditional summary judgment.[2] Both asserted that they were entitled to judgment as a matter of law because the Tax Code's statute of limitations barred Appellant's claims. *See* TAX § 33.54. Both also argued, in part, that their respective sheriff's deeds conveyed more than just royalty interests. However, Milton alone also argued that she was entitled to summary judgment because Appellant failed to deposit any delinquent funds into the registry of the trial court or file an affidavit of her inability to do so before bringing suit. *See id.* § 34.08(a). Appellant responded that the statute of limitations never began to run because, insofar as the deeds' property descriptions are inadequate, the property never actually vested in DOH or Milton in the first place. Notably, Appellant did not address Milton's Section 34.08(a) defense. Milton additionally argued, in her reply to Appellant's response to her motion for summary judgment, that she was entitled to summary judgment because Appellant failed to respond to her Section 34.08(a) defense. The trial court granted both motions for summary judgment without specifying its grounds for doing so. This appeal followed.

---

[2]OneMap and OM4 joined in DOH's and Milton's motions for summary judgment, specifically asserting that they "agree[d] with and join[ed] in DOH Group's argument that the Tax Code provides a one-year limitations period for challenging the validity of a tax sale and that the statute of limitations applies to claims that the tax sale was void." We note that, while this appeal was pending, OneMap conveyed its interest in the land to Christopher A. Johnson and Craig A. Johnson and that OneMap filed in this court a disclaimer of all interest in the land.

4

Appellant raises two issues on appeal. First, Appellant argues that the trial court erred in granting Appellees' motions for summary judgment because the DOH and Milton deeds are void for inadequately describing the property they purport to convey and, therefore, the Tax Code's statute of limitations period never commenced. Second, Appellant argues that the trial court erred in granting Appellees' motions for summary judgment with respect to her suit to quiet title, because the sheriff's deeds, in relevant part, only conveyed her *royalty interests*, not her entire mineral estate. On appeal, Appellant has not addressed Milton's Section 34.08(a) defense.

*Standard of Review*

We review an order granting summary judgment de novo, generally taking as true all evidence favorable to the nonmovant and indulging every reasonable inference in the nonmovant's favor. *Concho Res., Inc. v. Ellison*, 627 S.W.3d 226, 233 (Tex. 2021); *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 865 (Tex. 2018). A party moving for traditional summary judgment has the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "[A] defendant who conclusively negates at least one essential element of a cause of action or conclusively establishes all the elements of an affirmative defense is entitled to summary judgment." *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015).

When, as here, the trial court does not specify the grounds upon which it grants summary judgment, "we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). "[I]t is the appellant's burden on appeal to show that each of the independent grounds asserted in support of summary judgment is insufficient to support the judgment."

*Humane Soc'y of Dallas v. Dallas Morning News, L.P.*, 180 S.W.3d 921, 923 (Tex. App.—Dallas 2005, no pet.); *see also* 6 Roy W. McDonald & Elaine A. Carlson, *Texas Civil Practice: Appellate Practice* § 38:4 (2d ed.) (updated Dec. 2021). "If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 682 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also* 6 McDonald & Carlson, § 38:4.

*Discussion*

I. – *Summary Judgment was properly granted to Milton; Appellant failed to address one of the two grounds that Milton asserted in her motion for summary judgment.*

In her motion for summary judgment, Milton asserted two grounds which she claimed entitled her to judgment as a matter of law. First, Milton argued that Appellant's claims were barred by the Tax Code's statute of limitations. *See* TAX § 33.54. Second, Milton argued that she was entitled to summary judgment because Appellant failed to satisfy the Tax Code's prerequisite to challenging the validity of a tax sale insofar as she neither deposited any funds into the trial court's registry nor filed an affidavit demonstrating her inability to do so under Rule 145 of the Texas Rules of Civil Procedure. *See id.* § 34.08(a).

We do not address the merits of Milton's second ground for requesting summary judgment because Appellant failed to respond to it at any point in the trial court proceedings or here on appeal. Milton's Section 34.08(a) defense, if correct, would fully support the trial court's grant of her motion for summary judgment. When an independent ground fully supports the trial court's grant of summary judgment, but the appellant assigns no error to that independent ground, "we must accept the validity of that unchallenged independent ground . . . [and] any error in the grounds challenged . . . is harmless because the unchallenged independent ground fully supports the [summary judgment][.]" *Britton*, 95 S.W.3d at 681.

By failing to challenge, on appeal, Milton's second asserted summary judgment ground under Section 34.08, Appellant has conceded that the trial court's grant of summary judgment in favor of Milton was proper. Accordingly, we affirm the trial court's order granting Milton's motion for summary judgment.

> II. – *Summary judgment was proper as to Appellant's claim for trespass to try title against DOH because it is barred by the Tax Code's statute of limitations.*

### A. *Applicable law*

"To be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed." *AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008). "A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." *Id.* "A tax judgment's property description," and that of the subsequent sheriff's deed, "must be sufficiently particular to allow a party to locate the specific . . . [property] being identified." *Id.* A tax judgment or sheriff's deed that "fails to describe a definite tract of land is void." *Id.*

The Texas Tax Code provides, in relevant part, that an action relating to the title to property sold at a tax sale must be commenced within one year of the date from when the deed from the tax sale is either filed or recorded. TAX § 33.54(a)(1). A complainant can toll this limitations period by simply continuing to pay taxes on the property until commencing suit, so long as the complainant was not served in the initial suit to foreclose the tax liens on the property. *Id.* § 33.54(b). If, however, the statute of limitations period expires, the purchaser at a tax sale will have "full title to the property, precluding all other claims." *Id.* § 33.54(c).

### B. *Analysis*

Appellant argues that the DOH deed is void under the statute of frauds because it inadequately describes the property conveyed. Although Appellant brought suit

nearly a decade after DOH purchased the disputed property by sheriff's deed, she argues that her claims are not barred by the Tax Code's statute of limitations because, "due to the void description . . . title to the real property never passed." *See Hays v. Butler*, 295 S.W.3d 53, 58 (Tex. App.—Houston [1st Dist.] 2009, no pet.). In other words, because the DOH deed was void *ab initio*, the Tax Code's statute of limitations period never began to run against her. We disagree.

We recently held that a sheriff's deed, which was challenged as being void under the statute of frauds because of an inadequate property description, nevertheless could only be challenged within the Tax Code's statute of limitations period, including its tolling provision. *Heidelberg v. DOH Oil Co.*, No. 11-18-00095-CV, 2020 WL 3025919, at *5 (Tex. App.—Eastland June 4, 2020, pet. denied) (mem. op.), *cert. denied sub nom.*, *Heidelberg v. D.O.H. Oil Co.*, 142 S. Ct. 1129 (2022). We see no reason to change course here.

Under Section 33.54(b) of the Tax Code, so long as the original property owner exercises diligence in performing their obligation to pay property taxes, they will not lose their right to challenge the validity of a tax sale following a foreclosure suit for which they were not served; the statute of limitations is tolled during that time. *Id.* (citing TAX § 33.54(b); *W.L. Pickens Grandchildren's Joint Venture v. DOH Oil Co.*, 281 S.W.3d 116, 121 (Tex. App.—El Paso 2008, pet. denied)). In this case, the corrected DOH deed was recorded on March 13, 2009. Appellant did not commence her suit against DOH until October 15, 2019, more than a decade later. It is undisputed that Appellant failed to pay taxes on the disputed property at any point during those ten years. Moreover, at no point during the proceedings below or now on appeal has Appellant contended that she was not served in the suit to foreclose the tax liens on the disputed property. Accordingly, the statute of limitations ran on Appellant's claim for trespass to try title about nine years before she commenced her suit against DOH. Thus, her claim is barred.

8

Because Appellant's trespass to try title claim is barred by the Tax Code's statute of limitations, we need not consider whether the property description in the DOH deed is, in fact, inadequate under the statute of frauds. It makes no difference because Appellant first asserted this claim in 2019, more than nine years too late. Thus, we affirm the trial court's grant of summary judgment to DOH as it pertains to Appellant's trespass to try title claim.

### III. – *Summary Judgment was Proper as to Appellant's Suit to Quiet Title.*

#### A. *Applicable Law*

"Our fundamental goal when reading statutes 'is to ascertain and give effect to the Legislature's intent.'" *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017). To do this, "we look to the plain meaning of the enacted text." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 183 (Tex. 2019). "[W]e limit our analysis to the words of the statute and apply the plain meaning of those words 'unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results.'" *Id.* "We presume the Legislature 'chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen.'" *Cadena*, 518 S.W.3d at 325–26 (quoting *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)). As such, "we take statutes as we find them and refrain from rewriting the Legislature's text." *Id.* at 326. "These words and phrases are not to be considered in isolation, but rather in the context of the statute as a whole." *Id.* "We 'endeavor to read the statute contextually, giving effect to every word, clause, and sentence.'" *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) (quoting *In re Office of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013)). "We thus begin our analysis with the statute's words and then consider the apparent meaning of those words within their context." *Id.*

B. *Analysis*

1. *Appellant Does Not Meet Any Statutory Exception*

As with her claim for trespass to try title, DOH argues that Appellant's claim to quiet title is also barred by the Tax Code's statute of limitations. We agree.

Section 33.54 of the Texas Tax Code provides, in relevant part, as follows:

> (a) Except as provided by Subsection (b), an action *relating to the title to property* may not be maintained against the purchaser of the property at a tax sale unless the action is commenced:
>
> > (1) before the first anniversary of the date that the deed executed to the purchaser at the tax sale is filed of record[.]
>
>  . . . .
>
> (b) If a person other than the purchaser at the tax sale or the person's successor in interest pays taxes on the property during the applicable limitations period and until the commencement of an action challenging the validity of the tax sale and that person was not served citation in the suit to foreclose the tax lien, that limitations period does not apply to that person.
>
> (c) When actions are barred by this section, the purchaser at the tax sale or the purchaser's successor in interest has full title to the property, precluding all other claims.

(Emphasis added). Under subsection (a)(1), absent any exceptions that are inapplicable here, a complainant such as Appellant is afforded only one year to commence "an action relating to the title to property . . . against the purchaser of the property at a tax sale." TAX § 33.54(a).

Nothing in the record shows that Appellant paid taxes on the property during the period covered by Section 33.54(b). It is also undisputed that Appellant did not contest the tax suit before the first anniversary of the date that the sheriff's deeds to DOH and Milton were filed of record as provided in Section 33.54(a)(1). Thus, Appellant is not entitled to any relief from the sale of the disputed property to

10

Appellees, regardless of the merits of her tax sale challenges. *Sec. State Bank & Trust v. Bexar Cty.*, 397 S.W.3d 715 (Tex. App.—San Antonio 2012, pet. denied).[3]

Appellant claims that since she has pleaded claims for trespass to try title *and* also to quiet title, Section 33.54 does not pose a bar to her argument. In essence, Appellant's argument is that the legislature intended to leave an available gap in Section 33.54 for parties to "artfully plead" or include a claim to quiet title as an alternative to trespass to try title,[4] which, we note, is common in oil and gas litigation. The reported Texas cases with parties pleading *both* causes of action based on the same facts—resulting in opinions contrasting and comparing those causes of action—are myriad. *See, e.g.*, *Lance v. Robinson*, 543 S.W.3d 723, 735–39 (Tex. 2018).

---

[3]*See Roberts v. T.P. Three Enters., Inc.*, 321 S.W.3d 674, 677–78 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (trespass to try title action by adverse claimants against tax sale purchaser was barred by limitations and failure to deposit tax amount as required by Tax Code); *John K. Harrison Holdings, LLC v. Strauss*, 221 S.W.3d 785, 791 (Tex. App.—Beaumont 2007, pet. denied) (judgment was voidable as against parties not joined in tax foreclosure, but challenging party must comply with requirements in Tax Code, including limitations); *Session v. Woods*, 206 S.W.3d 772, 778 (Tex. App.—Texarkana 2006, pet. denied) (regardless of merit of challenger's arguments regarding validity of tax sale, statute of limitations under Tax Code barred action to reclaim the property); *Jordan v. Bustamante*, 158 S.W.3d 29, 39–40 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (three-year delay to challenge validity of tax sale barred suit and provided tax purchaser and successor in interest with full title to property).

[4]"Over time, however, the term 'quiet title' has acquired a colloquial meaning encompassing many kinds of title disputes, including those more aptly named as trespass-to-try-title actions." *Brumley v. McDuff*, 616 S.W.3d 826, 835 (Tex. 2021); *see Lance v. Robinson*, 543 S.W.3d 723, 738 (Tex. 2018) (describing differences between "quiet-title claims, trespass-to-try-title claims, and modern declaratory-judgment claims" as "nuanced"). Courts sometimes expansively use the term "suit to quiet title" to refer to actions that adjudicate title beyond an equitable request to remove a "cloud" on a title to real property. *See, e.g.*, *Florey v. Estate of McConnell*, 212 S.W.3d 439, 448–49 (Tex. App.—Austin 2006, pet. denied) (distinguishing between "suits to quiet title that are equivalent to trespass-to-try-title actions" and suits to quiet title involving interests that "indirect[ly] impact" title); *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 855–56 (Tex. App.—Corpus Christi-Edinburg 1984, writ ref'd n.r.e.) (describing suit to adjudicate title as one "to quiet title" when former owner alleged that creditors improperly conveyed title to new owner).

## 2. *An Action Relating to the Title to Property*

On appeal, Appellant contends that she is merely asking for a declaration of the parties' rights resulting from the sheriff's deeds, and in oral argument before this court, she cited to *Ridgefield Permian, LLC v. Diamondback E & P LLC*, 626 S.W.3d 357 (Tex. App.—El Paso 2021, pet. filed), in further support of her position. In reliance on *Ridgefield Permian*, Appellant argues that suits to quiet title which merely seek a declaration as to the *scope* of the conveyance in a sheriff's deed—styled as a question of interpretation rather than a collateral attack on the deed's validity—are not barred by the Tax Code's statute of limitations.[5] *See Ridgefield Permian, LLC*, 626 S.W.3d at 371. For the following reasons, we disagree with Appellant.

The legislature did not condition the Tax Code's application on whether a plaintiff's cause of action amounts to a trespass to try title; rather, whatever it may be and however the claim is drafted, it is conditioned on the action "*relating to* the title to property." TAX § 33.54(a) (emphasis added). In our construction of the statutory wording, we note that *whose* title to property is not limited—it may encompass Appellant's or Appellees' title to property. Here, Appellant's suit to remove cloud on her title—whether pleaded as an attack on Appellees' title, a request for a declaration to limit Appellees' title, or a defense of Appellant's own asserted title—is "an action relating to the title to property" and is thus subject to the Tax Code's statute of limitations. *Id.* § 33.54(b).[6]

---

[5]This is not the first time that the question of whether suits to quiet title are subject to Section 33.54 has arisen. *See John K. Harrison Holdings, LLC,* 221 S.W.3d at 787, 791; *see also Rameses Sch., Inc. v. City of San Antonio*, No.14-10-00320-CV, 2011 WL 1312279, at *2 (Tex. App.—Houston [14th Dist.] Apr. 7, 2011, no pet.) (mem. op.).

[6]The effect of a plaintiff's suit to quiet title is to declare invalid or ineffective the *defendant's* claim to title. *See Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. App.—Waco 1980, writ ref'd n.r.e.); *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)).

While a claimant may artfully plead claims in an effort to avoid the Tax Code's limitations period, the legislature forestalled such attempts when it settled upon the phrase: "*relating to* the title to property." *Id.* § 33.54(a). The plain meaning of the phrase "relating to" is quite sweeping. It means "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with[.]" *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (citing BLACK'S LAW DICTIONARY 1158 (5th ed. 1979)) (internal quotations omitted). We must presume the legislature selected this statutory language with care and for a purpose. *Cadena*, 518 S.W.3d at 325. To satisfy this chosen broad language, nothing more than a tangential relationship is necessary. *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017). That is present here, and then some.

"[T]he plaintiff in a quiet-title suit 'must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove.'" *Brumley v. McDuff*, 616 S.W.3d 826, 835 (Tex. 2021) (quoting *Lance*, 543 S.W.3d at 739). As pleaded, Appellant's claim to quiet title certainly does relate to title to the disputed property. Appellant asserts her own title throughout her pleadings by references to a deed executed in 1966, conveying "all of the estate, right, title and interest" in the tracts at issue to Appellant. She specifically avers that the impetus for her suit to quiet title is a *title* dispute, incorporating *all* pleadings into this particular claim (including trespass to try title) and directly pleading that "she owns an interest in the property and her title thereto is affected by the claims of the Appellees [per the DOH Oil Deed and the Milton Deed]." If that were not enough, Appellant explicitly asserts that Appellees "created a cloud on [Appellant's] *title related claims of ownership*" (emphasis added). Appellant's prayer requests that "judgment be awarded to [sic] on Plaintiff's Trespass to Try Title Claims, [and] that the Court Remove the Clouds placed upon Plaintiff's title." The suit to remove the

cloud on her title also specifically seeks to *limit* the title received by Appellees in the sheriff's deeds to a royalty interest rather than to the entirety of the mineral interest. Courts examine the substance of a claimant's petition—not its form—to determine the substance of claims of title. *Brumley*, 616 S.W.3d at 833. Accordingly, Appellant's suit to quiet title, like her trespass to try title action, is "an action relating to the title to property" and may not be maintained outside of the Tax Code's one year limitations period, absent the use of one of the statutorily enumerated exceptions which are inapplicable here. *See* TAX § 33.54.

### 3. *Consistent with the Legislature's Stated Public Policy*

Our application of the language in Section 33.54 is consistent with the public policy in Texas favoring finality in the sale of property at tax sales so that purchasers receive "full title to the property, precluding all other claims." *Id.* § 33.54(c). Indeed, "[t]he public policy underlying [Section 33.54] . . . is to encourage tax sale purchases." *Am. Homeowner Pres. Fund, LP v. Pirkle*, 475 S.W.3d 507, 522 (Tex. App.—Fort Worth 2015, pet. denied) (citing 21 Jay D. Howell Jr., *Texas Practice Series: Property Taxes* § 871 (4th ed. 2014) (explaining that tax sale purchases are encouraged because they "recover[] more delinquent taxes, and should start a period of timely payment of future taxes")). "It is a generally well-accepted principle that investors are risk-averse." *Id.* at 523 (citing Henry N. Butler, *Economic Analysis for Lawyers* 11, 571 (2d ed. 1998)). Thus, "[b]ecause the risk of potential claims against property purchased at a tax sale might prevent or hinder prospective buyers from participating in tax sales, the Texas Legislature has reduced that risk by providing for full and clear title to those who purchase property at tax sales," subject only to claims made within the limitations period under Section 33.54(a). *Id.* With "greater certainty about the strength of the title they acquire, those who are risk-averse have more incentive to purchase property at tax sales." *Id.*

14

Further, Texas law favors limitations of actions. *See John K. Harrison Holdings, LLC v. Strauss*, 221 S.W.3d 785, 789 (Tex. App.—Beaumont 2007, pet. denied) (explaining that "[s]tatutes of limitations serve to further the policy that one must diligently pursue legal rights at the risk of losing them if they are not timely asserted"). "In both law and law-making, limitations statutes are ubiquitous." *Pirkle*, 475 S.W.3d at 520 (citing TEX. BUS. & COM. CODE ANN. § 17.565 (West 2011); TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.002, 16.004–.005, .022–028 (West 2002), §§ 16.003, .0045 (West Supp. 2014), §§ 16.051, .061 (West 2015); TEX. GOV'T CODE ANN. § 2253.073 (West 2008); TEX. INS. CODE ANN. § 541.162 (West 2009); TEX. LOC. GOV'T CODE ANN. § 62.089 (West 2008); *Cosgrove v. Cade*, 468 S.W.3d 32, 35 (Tex. 2015) ("A four-year period also applies to deed-reformation claims.")); *see also* TAX §§ 33.54(a)(1)–(2), 33.54(c), 34.08(b), 34.01(n). Moreover, "[i]t is in society's best interest . . . that disputes be settled or barred within a reasonable time." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). The Tax Code's statute of limitations exists to serve society's best interest because it alleviates "uncertainty that could easily dissuade purchasers from purchasing property at tax sales." *Pirkle*, 475 S.W.3d at 523. By doing so, the Tax Code's statute of limitations encourages participation in tax sales, "and the funds from those sales enable taxing entities to provide valuable services for the public good." *Heidelberg*, 2020 WL 3025919, at *5.

We hold that the plain language of Section 33.54 bars Appellant's suit to quiet title. This result is consistent with the public policy that the legislature sought to realize with that provision of the Tax Code. Adopting exceptions to Section 33.54 as advocated by Appellant "would only serve to create more litigation and uncertainty with regard to the effect of tax sales," even after "the legislature has expressed its unambiguous intent[]" that a one-year statute of limitations applies to all actions *relating to* the title to property. *Pirkle*, 475 S.W.3d at 523. Under the

15

clear language of Section 33.54, as we have construed and applied it, purchasers "may conclusively presume that . . . [a] tax sale [i]s valid and shall have full title to the property free and clear of the right, title, and interest of any person that arose before the tax sale," subject only to a few statutorily enumerated exceptions, none of which are applicable here. *See* TAX §§ 33.54(b), 34.08(b). A purchaser "may conclusively presume that the tax sale was valid and shall have full title to the property free and clear of the right, title, and interest of any person that arose before the tax sale." *Pirkle*, 475 S.W.3d at 522 (citing TAX § 34.01(n)). Accordingly, for the aforementioned reasons, we affirm the trial court's grant of summary judgment in favor of DOH as to Appellant's suit to quiet title.

## *This Court's Ruling*

We affirm the judgment of the trial court as to Appellee Milton. All of Appellant's causes of action against the remaining Appellees being barred by limitations under Section 33.54 of the Texas Tax Code, we overrule Appellant's first and second issues and affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

May 12, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.