# Supreme Court of Texas

No. 21-1109

Ditech Servicing, LLC,
*Petitioner*,

v.

Jerry Perez d/b/a Lighthouse Investments,
*Respondent*

On Petition for Review from the
Court of Appeals for the Thirteenth District of Texas

**Argued March 21, 2023**

CHIEF JUSTICE HECHT delivered the opinion of the Court.

Texas county court jurisdiction is complex. Generally, *statutory* county courts at law have concurrent jurisdiction with *constitutional* county courts,[1] which have no jurisdiction over suits for the enforcement of a lien on land or the recovery of land.[2] But the Legislature has granted Hidalgo County courts at law "concurrent jurisdiction with the district

---

[1] TEX. GOV'T CODE § 25.0003(a).

[2] *Id.* § 26.043(2), (8).

court in . . . civil cases in which the matter in controversy does not exceed $750,000".[3] We are asked in this case whether a Hidalgo County court at law has jurisdiction over a civil case within that limit involving the foreclosure of a lien on land. We hold that it does. Accordingly, we reverse the court of appeals' judgment[4] and render judgment for Ditech.

## I

The facts are undisputed. The McMasters executed a deed of trust to petitioner Ditech Servicing, LLC[5] to secure a loan to purchase property in Edinburg, Texas. Shortly thereafter, respondent Jerry Perez acquired the property after a sheriff's sale to enforce a judgment. The McMasters later defaulted on their note, and Ditech initiated nonjudicial foreclosure proceedings, which would extinguish Perez's interest in the property. In response, Perez sued Ditech in Hidalgo County Court at Law Number 4, seeking a declaration that Ditech had waived its right to foreclose. Ditech counterclaimed for judicial foreclosure.

After a bench trial, the trial court held that Ditech's counterclaim for judicial foreclosure was barred by laches and limitations. The court of appeals reversed and remanded for the trial court to consider the merits of Ditech's counterclaim.[6] On remand, Ditech moved for

---

[3] *Id.* § 25.1102(a)(2).

[4] 2021 WL 5365103 (Tex. App.—Corpus Christi–Edinburg Nov. 18, 2021).

[5] By reference to Ditech we include its predecessors in interest.

[6] *Ditech Servicing, LLC v. Perez*, No. 13-17-00123-CV, 2018 WL 4171358, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2018, pet. denied).

summary judgment. In response, Perez challenged the trial court's subject-matter jurisdiction over the case. The court rejected Perez's jurisdictional challenge and granted Ditech's motion.

Perez appealed, challenging only the trial court's subject-matter jurisdiction. He argued that by ordering foreclosure, the trial court decided a question of title, over which it had no jurisdiction under Section 26.043 of the Texas Government Code.[7] The court of appeals agreed, vacated the trial court's judgment, and dismissed the case for want of jurisdiction.[8] We granted Ditech's petition for review and called for the views of the Solicitor General, who submitted an amicus brief on behalf of the State of Texas.

## II

The Constitution vests the judicial power of the State in various courts, including County Courts, Commissioners Courts, and "such other courts as may be provided by law."[9] The Constitution provides for a County Court, a Commissioners Court, and a County Judge in each county.[10] The County Judge presides over the County Court as a judicial

---

[7] TEX. GOV'T CODE § 26.043(2), (8); *see also id*. § 25.0003(a). All statutory references in the text are to the Texas Government Code unless otherwise noted.

[8] 2021 WL 5365103, at *2-3.

[9] TEX. CONST. art. V, § 1.

[10] *Id*. art. V, §§ 15, 18(b).

officer[11] but over the Commissioners Court, which handles county business operations, as an executive officer.[12]

Not to be confused with the constitutional County Court in each county, referred to simply as the county court, county courts at law are among "such other courts as may be provided by law."[13] "County courts at law are creatures of statute with varying jurisdiction individually demarcated by the Legislature."[14] There are at present 259 county courts at law in 91 counties.[15] The jurisdiction of county courts at law is generally prescribed by Section 25.0003.[16] Section 25.1102 confers additional jurisdiction on the four county courts at law in Hidalgo County, including the trial court in this case.[17] The relationship between these two statutes is at the center of this jurisdictional dispute.

Under Section 25.0003, "[a] statutory county court has jurisdiction over all causes and proceedings . . . prescribed by law for county courts."[18] And "[i]n addition to other jurisdiction provided by law,

---

[11] *See id.* art. V, § 16.

[12] *See id.* art. V, § 18(b).

[13] *See id.* art. V, § 1.

[14] *In re Breviloba, LLC*, 650 S.W.3d 508, 510 (Tex. 2022) (citing TEX. GOV'T CODE §§ 21.0041-21.2512).

[15] OFFICE OF COURT ADMIN., COURT STRUCTURE OF TEXAS, (Jan. 2023), https://www.txcourts.gov (under Media/Public Affairs/About Texas Courts). There are also 19 statutory probate courts in 10 counties. *Id.*

[16] TEX. GOV'T CODE § 25.0003.

[17] *Id.* § 25.1102; *id.* § 25.1101(a)(3) (listing "County Court at Law No. 4 of Hidalgo County" as a statutory county court).

[18] *Id.* § 25.0003(a).

a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in: . . . civil cases in which the matter in controversy exceeds $500 but does not exceed $250,000".[19] The Constitution and Chapter 26 define the jurisdiction of county courts.[20] As relevant here, Section 26.043 divests county courts of jurisdiction over suits "for the enforcement of a lien on land" and "for the recovery of land."[21]

Section 25.1102, Hidalgo County's specific jurisdictional statute, provides:

> (a)  In addition to the jurisdiction provided by Section 25.0003 and other law, a county court at law in Hidalgo County has concurrent jurisdiction with the district court in:
>
>    (1)  family law cases and proceedings; and
>
>    (2)  civil cases in which the matter in controversy does not exceed $750,000 . . . as alleged on the page of the petition.[22]

The parties dispute whether the subject-matter limitations on county courts in Section 26.043 apply to deprive the Hidalgo County court at law of jurisdiction over Ditech's foreclosure counterclaim.

---

[19] *Id.* § 25.0003(c)(1).

[20] *See* TEX. CONST. art. V, § 16 ("The County Court has jurisdiction as provided by law."); TEX. GOV'T CODE §§ 26.041-26.052.

[21] TEX. GOV'T CODE § 26.043(2), (8). The parties appear to disagree about whether Ditech's claim is a suit for the recovery of land or a suit for the enforcement of a lien on land, but the analysis is the same either way.

[22] *Id.* § 25.1102(a).

## III

The court of appeals held that the Hidalgo County court at law lacked jurisdiction over Ditech's counterclaim because, in its view, "[a] plain reading of § 25.1102(a) does not grant Hidalgo County statutory county courts with jurisdiction to hear disputes involving title to real property."[23] It applied Section 26.043's subject-matter limitations, holding that Section 25.1102 "only expanded the jurisdiction of Hidalgo County statutory county courts based on the *amount* in controversy and not on the *type* of claim that § 26.043 restricts."[24] Ditech and the State, on the other hand, argue that Section 26.043's limitations do not apply to the Hidalgo County court at law because Section 25.1102 confers jurisdiction independent of and in addition to the general jurisdiction conferred by Section 25.0003.

We agree with Ditech and the State that unless the text says otherwise, the county-specific jurisdictional statutes are "independent and cumulative" of jurisdiction conferred by Section 25.0003. Accordingly, the trial court had jurisdiction over Ditech's counterclaim because Section 25.1102 grants Hidalgo County courts at law concurrent jurisdiction with the district court in civil cases—regardless of subject matter—up to $750,000.

---

[23] 2021 WL 5365103, at *2.

[24] *Id.*

6

## A

We begin with the text.[25] First, jurisdiction under Section 25.1102 is "[*i*]*n addition to* the jurisdiction provided by Section 25.0003".[26] We previously considered similar statutory language in *AIC Management v. Crews*.[27] There, we analyzed Harris County's specific jurisdictional statute, which grants Harris County courts at law jurisdiction over a certain subset of cases, including title disputes, "[i]n addition to other jurisdiction provided by law".[28]

AIC argued that the Harris County court at law lacked jurisdiction over the eminent-domain proceeding because the value of the land exceeded Section 25.0003's jurisdictional cap.[29] We disagreed and held that the jurisdiction conferred by Harris County's specific jurisdictional statute is "in addition to [the] general concurrent jurisdiction described in section 25.0003(c) and is not dependent upon the amount in controversy."[30] Thus, we declined to impose the limitations from Section 25.0003 on the county court at law that was exercising jurisdiction under its specific jurisdictional statute. The same

---

[25] *Pape Partners, Ltd. v. DRR Fam. Props. LP*, 645 S.W.3d 267, 272 (Tex. 2022); *see also Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 509 (Tex. 2022) ("In construing a statute, our objective is to determine and give effect to the Legislature's intent. We begin by examining the plain meaning of the statute's language." (citations and quotation marks omitted)).

[26] TEX. GOV'T CODE § 25.1102(a) (emphasis added).

[27] 246 S.W.3d 640 (Tex. 2008).

[28] *Id.* at 643 (quoting TEX. GOV'T CODE § 25.1032(c) (1991) (current version at TEX. GOV'T CODE § 25.1032(d))).

[29] *Id.* at 643-644.

[30] *Id.* at 644.

analysis applies here. Hidalgo County's specific jurisdictional statute confers jurisdiction "[i]n addition to the jurisdiction provided by Section 25.0003 and other law".[31] It is likewise not subject to Section 25.0003's limitations.

Section 25.1102 stands in contrast to other county-specific jurisdictional statutes that expressly incorporate Section 25.0003's limitations. Take Wichita County, for example. The Legislature granted Wichita County courts at law concurrent jurisdiction with the district court "[e]*xcept as provided by Section 25.0003*".[32] The Hidalgo County statute contains no such limiting language and instead expressly confers additional jurisdiction. Accordingly, the jurisdiction granted to Hidalgo County courts at law by Section 25.1102 is *in addition to* the jurisdiction granted by Section 25.0003—not *subject to* the limitations of Section 25.0003.

We note that by comparing the Hidalgo County statute to other counties' statutes, we do not suggest that such a comparison is required to determine a court's jurisdiction. The analysis should, as always, focus on the text of the county statute at issue.

**B**

Next, Section 25.1102 provides that Hidalgo County courts at law have "concurrent jurisdiction with the district court in . . . civil cases in

---

[31] TEX. GOV'T CODE § 25.1102(a).

[32] *Id.* § 25.2452(c) (emphasis added); *cf. id.* § 25.1102(a) ("*In addition to* the jurisdiction provided by Section 25.0003 and other law . . . ." (emphasis added)).

8

which the matter in controversy does not exceed $750,000".[33] By its plain terms, Section 25.1102 does not limit the court's jurisdiction by subject matter. Instead, it broadly grants county courts at law jurisdiction over "civil cases".[34] The only limitation is the amount in controversy.[35] Suits for the enforcement of a lien on land or for the recovery of land are "civil cases" over which a district court has jurisdiction.[36] And it is undisputed that here, the amount in controversy is less than $750,000. Accordingly, the Hidalgo County court at law has jurisdiction over Ditech's counterclaim.[37]

Perez argues that for a county court at law to have jurisdiction over issues concerning real property, the Legislature must specifically say so, as it did in the Harris, Starr, and Tarrant County statutes.[38] In these counties, the Legislature expressly granted the county courts at law jurisdiction to decide some issues that Section 26.043 excludes, including issues involving title to real property.[39] But, Perez argues, the

---

[33] *Id.* § 25.1102(a).

[34] *Id.*

[35] *See id.* § 25.1102(a)(2).

[36] *See* TEX. CONST. art. V, § 8; TEX. GOV'T CODE §§ 24.007-24.008.

[37] *See Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 447 (Tex. 1996) ("Stated another way, to the extent that statutory courts share *concurrent* jurisdiction with district courts, nothing in this statute limits or excludes that concurrent jurisdiction.").

[38] TEX. GOV'T CODE §§ 25.1032(d)(1), 25.2162(a)(2), 25.2222(b)(5).

[39] *See id.* § 25.1032(d)(1) (Harris County, conferring jurisdiction to "decide the issue of title to real or personal property"); *id.* § 25.2162(a)(2) (Starr County, conferring jurisdiction over "controversies involving title to real

Legislature failed to do the same for Hidalgo County courts at law, and so they lack jurisdiction over cases involving title to real property. We disagree. By granting jurisdiction "concurrent . . . with the district court" in "civil cases",[40] the Legislature necessarily included the civil cases excluded from county court jurisdiction in Section 26.043. The Legislature could have limited the courts' additional jurisdiction to one or more of the categories of cases excluded by Section 26.043—as it has done in other counties—but it chose not to limit the Hidalgo County courts at law in this way. Adhering to the text, we will not add a subject-matter limitation where none exists.[41]

That subsection (a)(1) expressly grants jurisdiction over "family law cases and proceedings",[42] but not real property cases, does not change this analysis.[43] By expressly granting the county courts at law jurisdiction over family law cases in subsection (a)(1), the Legislature

---

property"); *id.* § 25.2222(b)(5) (Tarrant County, conferring jurisdiction over "suits to decide the issue of title to real or personal property").

[40] *Id.* § 25.1102(a).

[41] *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015) ("A court may not judicially amend a statute by adding words that are not contained in the language of the statute. Instead, it must apply the statute as written."); *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 571 (Tex. 2014) (plurality op.) ("We must rely on the words of the statute, rather than rewrite those words to achieve an unstated purpose.").

[42] TEX. GOV'T CODE § 25.1102(a)(1).

[43] Section 26.043 divests county courts of jurisdiction over suits for divorce. *Id.* § 26.043(4).

removed these cases from subsection (a)(2)'s amount-in-controversy limit that applies to all other civil cases.[44]

## C

Some courts of appeals have held that Section 26.043's limitations on county courts do not apply at all to county courts at law.[45] We reject this interpretation. Section 25.0003(a)'s plain language gives county courts at law the same jurisdiction as county courts.[46] So the limitations on county courts necessarily apply to county courts at law that are exercising jurisdiction pursuant to Section 25.0003. But that is not the case here. The Hidalgo County court at law was exercising jurisdiction pursuant to its independent jurisdictional grant in Section 25.1102. Thus, as explained above, Section 26.043's limitations do not apply.

For the same reasons, we reject the court of appeals' reasoning that Ditech's interpretation would render Section 25.0003(a) meaningless.[47] Section 25.0003(a) provides but one way for a county

---

[44] We express no opinion on the full extent of the county court at law's jurisdiction over family law cases and proceedings. We have no occasion to do so in this case, as the Hidalgo County jurisdictional statute clearly removes family law cases and proceedings from the $750,000 jurisdictional limit.

[45] *See, e.g.*, *Clute Apartments 1, Ltd. v. Lorson*, No. 01-09-00514-CV, 2010 WL 5186913, at *4 (Tex. App.—Houston [1st Dist.] Dec. 23, 2010, no pet.) (holding that "section 26.043(2) does not restrict the trial court's jurisdiction in this case because the trial court is a statutory county court, not a constitutional county court"); *Santana v. Tex. Workforce Comm'n*, No. 03-05-00452-CV, 2007 WL 2330714, at *2 (Tex. App.—Austin Aug. 16, 2007, pet. denied) ("[T]he plain language of section 26.043 does not apply to statutory county courts at law; section 26.043 restricts only the matters that may be heard in the constitutional 'county court.'").

[46] TEX. GOV'T CODE § 25.0003(a).

[47] 2021 WL 5365103, at *2.

court at law to exercise jurisdiction. The individual county statutes are another. Based on the text and statutory scheme, we conclude that these county-specific jurisdictional statutes are independent and cumulative of the jurisdiction granted by Section 25.0003, unless the text says otherwise.

## D

Finally, the Legislature—anticipating conflicts among the general and specific jurisdictional statutes—has specified how conflicts between them are to be resolved: the specific controls over the general.[48] As we explained in *Crews*, Section 25.0003 "appears in chapter 25 of the Government Code under subchapter A, entitled 'General Provisions.' The first section of that subchapter states that, '[i]f a provision of this subchapter conflicts with a specific provision for a particular court or county, the specific provision controls.'"[49] Section 25.1102, the specific provision, "appears in subchapter C, [and] defines the specific jurisdiction of county . . . courts at law in [Hidalgo] County."[50] Subjecting the Hidalgo County court at law's concurrent jurisdiction with the district court to the limitations of the general jurisdictional statute would contravene the Legislature's mandate in Section 25.0001.

---

[48] TEX. GOV'T CODE § 25.0001(a).

[49] *Crews*, 246 S.W.3d at 643-644 (citation omitted) (quoting TEX. GOV'T CODE § 25.0001(a)).

[50] *See id.* (addressing Harris County's jurisdictional statute).

\*      \*      \*      \*      \*

Accordingly, we reverse the court of appeals' judgment and render judgment for Ditech.

_____

Nathan L. Hecht
Chief Justice

**OPINION DELIVERED:** May 19, 2023